**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| CYNTHIA ROBINSON,<br><br>               Plaintiff,<br><br>    v.<br><br>CLEAR RECON CORP, U.S. BANK TRUST, N.A. as Trustee for LSF8 Master Participation Trust, HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA, and DOES 1–50 INCLUSIVE,<br><br>               Defendants. | Case No. 2:15-cv-00242-ODW (AGRx)<br><br>**ORDER SUA SPONTE REMANDING ACTION** |

## I.  INTRODUCTION

On November 25, 2014, Plaintiff Cynthia Robinson filed a pro se Complaint in state court against Defendants Clear Recon Corp ("Clear Recon"), US Bank Trust ("US Bank"), and Household Finance Corporation ("Household"), to prevent foreclosure on her property.  On January 12, 2015, Defendants removed the action to federal court under diversity jurisdiction.  Subsequently, US Bank moved to dismiss the First Amended Complaint ("FAC"), which was opposed by Plaintiff.  During review of the Motion, the Court reexamined jurisdiction and now questions whether

federal jurisdiction exists. For the reasons discussed below, the Court, **REMANDS** this action for lack of diversity jurisdiction.

## II. FACTUAL BACKGROUND

On May 3, 2007, Plaintiff obtained a mortgage loan in the principal amount of $273,765.78 from Household, secured by a Deed of Trust ("DOT") encumbering the property located at 506 South Grevillea, Unit #1, Inglewood, CA 90301, and recorded on May 8, 2007. (First Am. Compl. ("FAC") ¶ 21, ECF No. 13.) The DOT securing the loan identified Stewart Title Guaranty as trustee and Household as beneficiary. (Def.'s Req. for Judicial Notice ("RJN") Ex. A, ECF No. 14-2.) US Bank alleges that Plaintiff defaulted on the loan, and foreclosure proceedings commenced. (*See* Mot. to Dismiss ("MTD"), ECF No. 14 (stating that "Installment of Principal and Interest plus impounds and/or advances . . . became due on 3/8/2011 plus late charges.").)

Clear Recon substituted Stewart Title as trustee (FAC ¶ 24; RJN Ex. B), and recorded a Notice of Default ("NOD") on December 18, 2013, showing the loan in arrears by $66,585.46. (FAC ¶ 26; RJN Ex. C.) Household later assigned its beneficial interest to US Bank. (FAC ¶ 27, Ex. 1 at 48.) On August 18, 2014, Clear Recon recorded the Notice of Trustee's Sale, and thereafter rescheduled the sale for December 2014. (FAC ¶ 30.) From the parties' submissions, it appears no foreclosure sale has taken place.

In Plaintiff's state court complaint, she asserted ten causes of action against all Defendants with the exception of one.[1] On January 12, 2015, US Bank removed the case to federal court (ECF No. 1), then moved to dismiss on January 15, 2015 (ECF No. 7). That motion was granted with leave to amend (ECF No. 12). The First Amended Complaint ("FAC") was submitted on April 22, 2015 (ECF No. 13), and

---

[1] The causes of action include: (1) violation of California Homeowner Bill of Rights, (2) violation of California Civil Code § 2923.5, (3) injunctive relief, (4) fraud in the concealment, (5) intentional infliction of emotional distress, (6) slander of title, (7) quiet title, (8) declaratory relief, (9) rescission, and (10) violation of California Business and Professions Code § 17200 et seq. Rescission pleaded only against Household.

again US Bank moved to dismiss on May 11, 2015 (ECF No. 14). Plaintiff untimely filed her opposition to which US Bank replied.[2] (ECF Nos. 16, 18.) With that Motion pending, upon further review the Court remands based upon lack of subject-matter jurisdiction.

### III.   LEGAL STANDARD

Federal courts have limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1. There are two ways a party can bring a case within the jurisdiction of federal courts: (1) diversity of citizenship under 28 U.S.C. § 1332, and (2) federal question under 28 U.S.C. 1331. Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to [a] district court . . . ." 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *E.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *E.g.*, *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Further, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In fact, "[i]f a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for 'removal is permissible only where original jurisdiction

---

[2] Defendants Clear Recon and Household have not made appearance in federal court as of date of this order.

exists at the time of removal or at the time of the entry of final judgment . . . .'" *Sparta Surgical Corp. v. Nat'l. Ass'n of Sec. Dealers, Inc.*, 195 F.3d 1209, 1211 (9th Cir. 1996) (quoting *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998)). Under 28 U.S.C. § 1441(a), an action must "be fit for federal adjudication when the removal petition is filed." *Lexecon*, 523 U.S. at 43. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time.") (footnote omitted).

## IV. DISCUSSION

The present case poses no federal question therefore subject-matter jurisdiction is predicated on diversity of citizenship. The Court has original jurisdiction over controversies between citizens of different states when the matter in dispute exceeds the sum value of $75,000. 28 U.S.C. § 1332. There is no dispute over the amount in controversy, thus the Court looks to the diversity of the parties. Complete diversity is required to maintain jurisdiction. *Exxon Mobil Corp. v. Allapattah Serv., Inc.,* 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

The only Defendant whose citizenship is not diverse to Plaintiff is Clear Recon.[3] Plaintiff is a citizen of California. (ECF No. 1, Notice of Removal ("NOR") ¶ 5; FAC ¶ 15.) Clear Recon is a corporation existing under the laws of the State of California. (FAC ¶ 16.) Accordingly, Clear Recon and Plaintiff are not diverse because they are citizens of the same state. However, US Bank states that Clear

---

[3] US Bank is a national association whose main office location and citizenship is Wilmington, Delaware. (NOR ¶ 5.) Household is incorporated in Delaware and its principal place of business is in Illinois. (*Id.*) The Court accepts the statement of citizenship for US Bank and Household, establishing that they are diverse to Plaintiff.

Recon is a nominal party and is not required to appear in the action or join in the removal. (NOR ¶ 5.)

In general, all parties named in the pleadings are considered in the diversity analysis. *See Osborne v. Bank of the United States*, 22 U.S. 738, 857 (1824); *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint). But the Ninth Circuit instructs courts to "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).

US Bank incorrectly believes that Clear Recon is a nominal party merely by filing a declaration of nonmonetary status ("DNMS") and goes no further to meet the burden of establishing that removal was proper.[4] (NOR ¶ 5.) As an initial matter, "[i]n the Court's experience, trustees almost uniformly abuse non-monetary status, filing notices of non-monetary status even in cases where the trustee was clearly sued for its own alleged wrongful acts or omissions." *Kendall v. Wells Fargo Bank, N.A.*, No. CV 12-7229 DSF (PJWx), 2012 WL 10649162, *1 n. 1 (C.D. Cal. Aug. 30, 2012). This experience seems to endure.

Notwithstanding, the Court need not adopt the procedural mechanism of California Civil Code section 2924l even if the nonmonetary status was perfected in accordance with that statute. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (explaining that *Erie R.R. Co. v. Tompkins* held that *federal* courts with diversity jurisdiction are bound by state 'substantive' law and follow *federal* procedural law). California Civil

---

[4] Clear Recon filed a DNMS on January 6, 2015 (NOR ¶ 5), and US Bank filed the NOR on January 12, 2015 (ECF No. 1). Clear Recon never became a nominal party under California law. *E.g., Sun v. Bank of Am. Corp.*, No. SACV 10-0004 AG MLGX, 2010 WL 454720, *2 (C.D. Cal. Feb. 8, 2010) (holding that a "party that files a [DNMS] does not actually become a nominal party until 15 days pass without objection").

1 Code section 2924l is purely a procedural devise designed to eliminate the need for a
2 nominal party to participate in an action as it sets the procedure for filing and serving,
3 the time for objections, and result of a party's failure to timely object. Cal. Civ. Code
4 § 2924l. California procedure requires no actual showing that the filing party is
5 nominal and only declares that the party has a "reasonable belief" that it "has been
6 named in the action or proceeding solely in its capacity as trustee, and not arising out
7 of any wrongful acts or omissions on its part in the performance of its duties as
8 trustee." *Segura v. Wells Fargo, N.A.*, No. CV–14–04195–MWF (AJWx), 2014 WL
9 4798890, *3 (C.D. Cal. Sept. 26, 2014), quoting Cal. Civ. Code § 2924l(a). Because
10 it is well established and recognized that *federal* court procedure is governed by
11 *federal* law (*see Erie R.R. Co.*, 304 U.S. 64 (1938)), this Court is not bound by the
12 mechanism of a DNMS. *See Segura*, 2014 WL 4798890, at *3.

13 Defendants cited two district court cases but offered no analysis to support its
14 conclusion that Clear Recon is a nominal party, or that the district court cases cited
15 interpreted the nominal party exception to diversity jurisdiction correctly.[5] This
16 deficiency, coupled with the Complaint and FAC specifically stating claims against
17 Clear Recon pertaining to their acts or omissions, casts doubt that Clear Recon is in
18 fact a nominal party. *Kendall*, 2012 WL 10649162, *1 n. 1. Therefore, the Court's
19 review of the NOR and pleadings clearly shows that this Court does not have diversity
20 jurisdiction over the matter. *See* 28 U.S.C. § 1441(a).

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /

---

[5] Defendants cite *Amaro v. Option One Mortg. Corp.*, 2009 WL 103302 (C.D. Cal. Jan. 14, 2009) and *See Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1050, 1052 (2009) in their Notice of Removal arguing Clear Recon's citizenship should not be considered for diversity analysis because they complied with state procedural law.

## V.  CONCLUSION

For the reasons discussed above, the Court **REMANDS** this action to Superior Court of the State of California for the County of Los Angeles, 825 Maple Avenue, Torance California 90503, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  All pending motions are **VACATED**.  The Clerk of Court will close this case.

**IT IS SO ORDERED.**

July 9, 2015

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**